UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:05-CR-113 |
| V. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| DONALD R. HARMON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter comes before the Court upon Defendant Harmon's Motion To Suppress Statements Of Defendant and brief [Doc. 44]. The parties appeared for hearings on these motions on February 22 and 27, 2005. Assistant United States Attorney, Mike Winck was present representing the government. Attorney Herb Moncier was present representing Defendant Harmon. Attorney Randall Reagan was present representing Defendant Hatcher. Defendant Harmon and Defendant Hatcher were present on February 22, but did not attend the hearing on February 28. At the conclusion of the hearings, the Court took the motions under advisement.

1

## I. POSITION OF THE PARTIES

Defendant Harmon moves [Doc. 44] to suppress any evidence of any statement of the defendant in this case. In support of his motion, the defendant contends that the government has not filed a Rule 12(b)(4)(B), Fed. R. Crim. P., notice of evidence the government intends to offer into evidence. The defendant states, however, that in the event the government intends to offer any statement he made to any agent of the government, he moves to suppress that statement as being obtained in violation of the Fifth Amendment and pursuant to F.R.E. Rules 104, 801 and 403.

The government responds [Doc. 108] that the defendant is being provided, in supplemental discovery, with a copy of an October 6, 2005, statement. It states that the DEA-6 summarizes the post-arrest statements of Defendant Harmon when the defendant was interviewed by law enforcement officers conducting his arrest. The government states, however, that it does not intend to offer those statements into evidence.

At the February 27 hearing, counsel for the government again reiterated to the Court that it did not intend to offer Defendant Harmon's statements into evidence. Accordingly, no argument was requested or made by the defendant's attorney, other than defense counsel requesting that the Court "grant" his motion rather than "denying it as moot." The Court notes that the government did not object to this request. Thus, in light of the government's written and oral responses to Defendant Harmon's motion, the Court finds that Defendant Harmon's Motion to Suppress Statements Of Defendant should be GRANTED.

## II. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that the defendant's Motion to Suppress Statements Of Defendant [**Doc. 44**] be **GRANTED**.[1]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).