IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-113 |
| | ) | (Phillips / Shirley) |
| JOHNNY HATCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on March 10, 2008, for consideration of the Johnny Hatcher's pro se request for new counsel, submitted by letter and filed under seal as [Doc. 233]. Johnny Hatcher was present in court with his attorney John Eldridge. Assistant United States Attorney Tracee Plowell was present on behalf of the United States. The United States took no position in the matter of counsel's request to withdraw.

Attorney Eldridge informed the Court that although he and Mr. Hatcher have enjoyed good relations through the case thus far, Attorney Eldridge has come to believe that Mr. Hatcher has lost confidence in his counsel to the extent that they cannot continue to work together to present Mr. Hatcher's defense. Attorney Eldridge stated that he believes it is in Mr. Hatcher's best interest to appoint new counsel and asked that he be relieved from further representation.

1

Mr. Hatcher agreed with Attorney Eldridge's statements and confirmed his request for replacement counsel. Mr. Hatcher stated that he did not believe the attorney-client relationship could be repaired to the extent that he would regain confidence in Attorney Eldridge. Mr. Hatcher reported that although he had previously expressed hopes of hiring counsel, those efforts have been unsuccessful and he cannot afford to hire a lawyer.

After considering Mr. Hatcher's letter [Doc. 233], and hearing the statements of Attorney Eldridge and Mr. Hatcher, the Court finds that the attorney- client relationship between Mr. Hatcher and his counsel is irreparably broken. Accordingly, Attorney Eldridge is now relieved as counsel for Mr. Hatcher, except to the extent necessary to complete transition of the case to new counsel. Attorney Rowland Cowden was present in the courtroom and agreed to accept appointment to represent Mr. Hatcher for the remainder of this case; Attorney Cowden shall be entered as counsel of record.

Attorney Cowden made an oral motion to continue the trial date in order to adequately familiarize himself with the case and consult with Mr. Hatcher. Attorney Cowden will need a reasonable time to review the file of prior counsel, review discovery materials and the record of pretrial litigation and rulings, conduct any additional factual investigation, further identify and develop any defenses available to Mr. Hatcher and prepare for the trial.

AUSA Plowell agreed that a trial continuance is appropriate in light of the need to replace Mr. Hatcher's counsel. The Court agrees with the parties that a continuance of the trial date is necessary and finds that the ends of justice served by granting a continuance under these circumstances outweigh the interest of the defendant and the public in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(8)(A). The Court finds that failure to grant a continuance would

deny counsel for the defendant the reasonable time necessary for effective preparation, despite the exercise of due diligence, as provided in the Speedy Trial Act at 18 U.S.C. § 3161 (8)(B)(iv). The Court finds that a failure to grant a continuance of the trial would also be likely to make the proceeding impossible, or, alternatively, would result in a miscarriage of justice because Mr. Hatcher's counsel would not have adequate time to prepare his defense before March 18, 2008. See 18 U.S.C. § 3161 (8)(B)(i); see also 18 U.S.C. § 3161 (8)(B)(iv). The Court finds the oral motion to continue is well-taken.

Accordingly, the oral motion to continue is **GRANTED**, and the trial of this case is reset to commence on **June 17, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.

The Court finds, and the parties agree, that the time between the filing of Mr. Hatcher's request on January 15, 2008, and the new trial date of June 17, 2008, is fully excludable from operation of the Speedy Trial Act for the reasons set forth above. See 18 U.S.C. § 3161(h)(1)(F) and (B)(i).

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge