UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:05-CR-113 |
| V. | ) | |
| | ) | (PHILLIPS/SHIRLEY) |
| JOHNNY HATCHER, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This cause came before the Court on May 27, 2009, for a motion hearing on the defendant's Motion for Continuance [Doc. 251], filed on April 17, 2009, and referred [Doc. 252] to the undersigned on April 20, 2009, and Motion to Restore to Trial Docket [Doc. 253], filed on May 22, 2009. See 28 U.S.C. § 636(b). Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney Roland E. Cowden appeared on behalf of the defendant, who was also present.

In his motion to continue, the defendant asks the Court to continue the April 22, 2009 trial date. He asserts that a continuance would serve the ends of justice and promote judicial economy. Per telephone conversations with chambers, the parties asked to set the hearing on the motion for May 27, because they were attempting to resolve the case without a trial. The defendant subsequently moved to restore his case to the trial docket, contending that the parties' negotiations were ultimately not fruitful. At the May 27 hearing, defense counsel reiterated that although the parties had negotiated in earnest, they encountered unexpected parameters and were unable to reach an agreement. He stated that the parties had agreed upon a trial date of October 20, 2009. He

1

informed the Court that he had been focused upon the plea negotiations in the time leading up to the May 27 hearing and that he needed additional time to prepare for trial. The defendant agreed that he was aware of his right to a speedy trial and that he did not object to his trial being continued to October. The government also did not object to a continuance. Both parties requested that all of the time from the filing of the motion to continue to the new trial date be excluded under the Speedy Trial Act.

The Court finds the defendant's motion for a continuance to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). After the defendant filed his motion to continue [Doc. 251] on April 17, 2009, the parties asked the Court to set off hearing that motion while they negotiated. See 18 U.S.C. § 3161(h)(1)(D) (excluding delay during the pendency of a pretrial motion). The parties have engaged in plea negotiations for the past month but were not able to arrive at a plea agreement. Now that the case is being reset for trial, defense counsel needs time to prepare for trial. The Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial despite his due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that such preparation cannot be accomplished prior to the new trial date of **October 20, 2009**.

The Court finds, and the parties agree, that all the time between the filing of the motion to continue on **April 17, 2009,** and the new trial date of **October 20, 2009**, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D) and -(7)(A)-(B).

Accordingly, it is **ORDERED**:

> (1) The defendant's Motion for Continuance [**Doc. 251**] is **GRANTED**;

2

(2) The defendant's Motion to Restore to Trial Docket [**Doc. 253**] is also **GRANTED**; and

(3) The trial of this matter is reset to commence on **October 20, 2009**, at 9:00 a.m., before the Honorable Thomas W. Phillips, United States District Court Judge**.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

3