UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:05-CR-113 |
| V. | ) | |
| | ) | (PHILLIPS/SHIRLEY) |
| JOHNNY HATCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Motion for Physical Examination Prior to Sentencing [Doc. 296], filed on September 21, 2011, and referred [Doc. 297] to the undersigned on September 30, 2011. See 28 U.S.C. § 636(b). On August 23, 2011, the Defendant was convicted [Doc. 270] by a jury of conspiracy to distribute or possess with the intent to distribute one thousand kilograms or more of marijuana. He is scheduled for sentencing on November 3, 2011. The Defendant asks the Court to order that he receive a medical examination to identify any medical issues relevant to sentencing. He argues that his physical condition is a factor for the District Court to consider at sentencing and that, although he has not had any prior treatment for any particular condition, he is concerned that he may have some undiscovered heart issues. Accordingly, he asks that the Court apply the "reasonable cause" standard used for mental examinations for competency to stand trial to find that a physical examination is warranted in this case. The Government has filed no response.

In imposing a sentence, the court must consider, among other things, "the need for the

sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(D). In the present case, the Defendant alleges no need for medical care and, in fact, candidly states that he "has not had prior treatment scheduled for any particular conditions[.]" Instead, the Defendant seeks a medical examination to determine whether he might have any medical problems, particularly heart problems, that should be considered at sentencing.

The Defendant also points to the United States Sentencing Guidelines, which state that a defendant's physical condition may be relevant to a sentencing departure, if the condition "is present to an unusual degree[.]" See U.S.S.G. §5H1.4. In this respect, "[a]n extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." Id. The Court finds that the Defendant's speculation that he could have some medical condition falls far short of the extraordinary physical impairment contemplated by the Sentencing Guidelines.

Finally, the Defendant urges the Court to apply a "reasonable cause" standard, typically applied pretrial to determine whether a competency hearing and mental evaluation is appropriate, in this case to determine whether a physical examination is warranted. The Court is unaware of any formal procedure for obtaining a physical evaluation at a federal medical facility similar to that available for mental examinations, see 18 U.S.C. § 4241, et seq. Nevertheless, Congress has contemplated that such examinations might occur prior to trial as reflected by its provision of a basis for exclusion of time in the Speedy Trial Act for "delay resulting from any proceeding, including examinations, to determine the mental competency or *physical capacity* of the defendant." See 18 U.S.C. § 3161(h)(1)(A) (emphasis added). Accordingly, the Court finds that the "reasonable cause"

standard used to ascertain whether a defendant should be committed for a mental evaluation to determine competency to stand trial, is useful in determining whether a physical examination is warranted. See 18 U.S.C. § 4241(a) (requiring the Court to grant the motion for a competency hearing if it finds " reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent . . . ."). In the present case, the Defendant advances no physical symptoms, medical records or history, prior diagnosis or treatment, or past episodes of ill health as a basis for inquiring into his physical condition. Instead, he merely states that he is of an advanced age and that he "has long believed he has a heart ailment, but has simply been unable to have his concerns verified" because he could not pay for any testing. In other words, the Defendant seeks a physical examination to determine if any medical conditions exist. The Court finds no reasonable basis to believe that the Defendant presently has a medical condition. Accordingly, his request [**Doc. 296**] for a physical examination, medical testing, and a report of same is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge