UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:05-CR-113 |
| ) | |
| JOHNNY E. HATCHER ) | |

### MEMORANDUM AND ORDER

*Pro se*, the defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 351]. The United States has responded in opposition to the motion [docs. 355, 356, 360] and the defendant has submitted a reply. [Doc. 361].

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motion for compassionate release will be denied.

### I. BACKGROUND

In March 2012, the Honorable Thomas W. Phillips sentenced the defendant to an enhanced 240-month term of imprisonment for conspiring to distribute and possess with the intent to distribute marijuana. The defendant is presently housed at USP McCreary with a projected release date of September 2, 2027. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited November 24, 2020). The defendant now moves for compassionate release due to: the COVID-19 pandemic; his age (69); intestinal problems; a hernia; chronic coronary artery disease purportedly causing angina and heart attacks; cataracts; hypertension; an inability to walk long distances; and deteriorating mental health. The defendant further cites his rehabilitative efforts, and he argues that he would receive a lesser term of imprisonment if sentenced under current law.

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have generally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at

least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, ___ F.3d ___, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020) (Guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release.").[1] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Id.* at 11.

### A. Exhaustion

The defendant has previously submitted a request to the BOP which was construed as one for compassionate release, and more than 30 days have passed since that request was received by the warden. [Doc. 351]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of his motion the defendant cites: the COVID-19 pandemic; his age (69); intestinal problems; a hernia; chronic coronary artery disease purportedly causing angina and heart attacks; cataracts; hypertension; an inability to walk long distances; deteriorating mental health; his rehabilitative efforts; and the argument that he would receive a lesser term of imprisonment if sentenced under current law.

Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the defendant's arguments in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

> "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

The defendant's BOP SENTRY Report shows that he is categorized as Care Level 1. "Care Level 1 inmates are less than 70 years of age *and are generally healthy*. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." See http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Nov. 24, 2020) (emphasis added). The defendant is similarly a Care Level 1

5

regarding his mental health. Further, at the defendant's prison, there are currently only six positive cases of COVID-19 among inmates and eight among staff, with no deaths and 38 inmates and 11 staff having recovered. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 24, 2020). These comparatively moderate numbers indicate that the preventative measures being taken by the BOP, as described by the United States in its response brief, are having an effect.

The medical records before the Court do not support the defendant's allegation of deteriorating mental health. [Doc. 360]. Also, his cataract diagnosis is confirmed but there is no evidence that this condition meaningfully impacts his functioning. [*Id.*]. The defendant's hypertension is described as "well controlled" and his bowel obstruction is "resolved." [*Id.*].

The defendant has indeed been diagnosed with peripheral vascular disease and "significant obstructive atherosclerotic disease in both [lower extremities]." [*Id.*]. At a March 2, 2020 medical appointment, his "[o]nly complaint [was] that his legs go numb at times." [*Id.*]. Nonetheless, on February 27, July 23, and July 29 of this year, the defendant expressly refused recommended medical treatment for that very condition and complaint. [*Id.*]. Additionally, the defendant continues to be counseled to stop smoking (which he has continued to do despite being in BOP custody) but he will not comply. [*Id.*]. These facts tell the Court that the impact of the defendant's cardiac troubles is not as severe as he alleges.

Turning to the defendant's background, his participation in the instant marijuana conspiracy lasted approximately four years. [Presentence Investigation Report ("PSR"), ¶

6

10]. The defendant stored and sold marijuana. [*Id.*]. His sentence was enhanced due to a prior cocaine possession conviction. [*Id.*, ¶ 49]. There are also distant prior convictions for burglary and theft. [*Id.*, ¶¶ 29-30].

The defendant's SENTRY Report shows that he has obtained his GED while in custody and that he has thus far incurred no disciplinary sanctions. For these accomplishments, he is commended.

Lastly, the defendant's argument regarding the sentence he might receive today is a reference to Section 401(a)(1) and (a)(2) of the First Step Act. Those sections, respectively, redefine the types of prior convictions that can be used to enhance a defendant's sentence under 21 U.S.C. § 851 and they reduce the enhanced mandatory minimum sentences for certain controlled substance offenses. However, pursuant to section 401(c) of the First Step Act, Section 401 applies only to persons who had not yet been sentenced as of December 21, 2018. *See* 132 Stat. 5194, 5221. The instant defendant was sentenced in 2012, more than six years before the First Step Act became law. Section 401 of the First Step Act therefore does not apply to him, and this Court will not use the mechanism of compassionate release in this case to circumvent Congress's express intent. *See, e.g., United States v. Cisneros*, CR. NO. 99-00107 SOM, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020) ("[T]his court hesitates to conclude that it should reduce Cisneros's sentence solely on the ground that the change in the law constitutes an extraordinary and compelling circumstance. Otherwise, every inmate who might receive a reduced sentence today would be eligible for compassionate release, and Congress's decision not to make the First Step Act retroactive would be meaningless.").

Through the lens of § 3553(a), the Court has considered the facts of this case, the defendant's background, and the arguments raised in the instant motion. The Court is mindful of the defendant's post-incarceration conduct and the fact that his prior convictions are remote, predating 1990. Conversely, the defendant's participation in this case was lengthy and significant. Almost seven years remain on his enhanced guideline sentence. The evidence does not show the defendant's physical and mental health conditions to be of the severity alleged. The defendant is categorized by the BOP as a Care Level 1. He is receiving medical care and guidance for his documented ailments, even though he often refuses to accept it.

Having considered the issues raised by the defendant, individually and in combination, the Court does not find extraordinary and compelling reasons justifying compassionate release. The requested sentence reduction would not reflect the seriousness of the instant offense and would create unwarranted sentence disparity. The defendant's motion will accordingly be denied.

### III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 351] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

8

Case 3:05-cr-00113-RLJ-CCS   Document 362   Filed 12/02/20   Page 8 of 8   PageID #: 2283